UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADRIAN GRISANTI, )<br>)<br>Defendant. ) | Case No. 4:16-cr-00018-TWP-VTW |

## ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE

This matter was before the Court for a Final Pretrial Conference on March 27, 2018. The Government appeared by Bradley Shepard, Assistant United States Attorney. Also present for the Government was FBI Agent Ronald Hornback. Defendant Adrian Grisanti appeared in person and by counsel, Armand Judah. The Court Reporter was David Moxley. During this final pretrial conference, the trial of this case was discussed. Pursuant to Federal Rule of Criminal Procedure 17.1, the following discussion was held, rulings made, and directions given.

1. The jury trial in this matter is scheduled to begin on **Monday, April 16, 2018, at 9:00 a.m.,** in the Lee H. Hamilton Federal Building and United States Courthouse, 121 West Spring Street, New Albany, Indiana. The parties estimate that the jury trial will last five to six days. The doors to the Courtroom will be unlocked at **7:30 a.m.** Attorneys and the Defendant are ordered to appear by **8:00 a.m.** on the first day of trial. The prospective jury venire persons are scheduled to arrive at staggered times, but all will have arrived by **8:30 a.m.** Jury selection will begin promptly at **9:00 a.m.**

2. Grisanti is charged with Counts 1-11: Receiving Child Pornography in violation of 18 U.S.C. § 2252(a)(2)(A); Counts 12-19: Knowing Access with Intent to View Child

Pornography in violation of 18 § 2252(a)(5)(B); Count 20: Knowing Possession of Material Containing Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and Count 21: Destruction of Evidence in violation of 18 U.S.C. § 1519. (Filing No. 58.)

3. **The Court conducted a review of the witness lists** to determine who will testify and the subjects of their testimony.

    a. The Government filed its First Witness List (Filing No. 74) to which Grisanti had no objections. The Government discussed the expected testimony of its 32 potential witnesses. If stipulations are reached, the Government may reduce the number of witnesses which it will call.

    b. FBI Agent Ronald Hornback will be the Government's assisting witness.

    c. Grisanti filed his Witness List (Filing No. 66), to which the Government had no objections. Counsel discussed the expected testimony of its listed witnesses Adrian Grisanti, Jessica Johnson, and Karen Keeler. A final determination on whether Grisanti will testify will be made during trial. Rather than call Jessica Johnson and Karen Keeler in his case-in-chief, counsel will cross-examine these witnesses, who are also listed by the Government.

    d. The Government filed its Expert Disclosures (Filing No. 76), listing James Fottrell, Detective Sergeant James D. Price, Detective Sergeant Patrick Deckard, Mallory Johnson, and Special Agent Ronald A. Hornback, Jr. The Government discussed that it will provide the curriculum vitae of Dan Alfin, as his testimony may be that of an expert. The Government will also provide the curriculum vitae of any witness who will testify regarding cell phone tower evidence.

e. Grisanti filed an Amended Expert Witness List ([Filing No. 50](#)), listing Jason Hale as a certified computer examiner. Grisanti intends to call Jason Hale as a forensic computer expert.

f. Grisanti requested leave to have his expert witness sit at counsel's table with him during trial, under Federal Rule of Evidence 615 as essential to presenting his defense. It is Grisanti's burden to show that a Rule 615 exception applies. "Rule 615(3) confers discretion upon district courts to determine whether a given witness (of whatever stripe) is essential." *United States v. Olofson,* 563 F.3d 652, 660 (7th Cir. 2009). For security reasons, the Court only allows counsel of record to sit at the defendant's table during criminal trials. The Court does not find Jason Hale essential to Grisanti's defense warranting his presence at counsel's table; however, he may be present in the courtroom during the testimony of the Government's forensic expert witnesses. If counsel needs to speak with Mr. Hale during the trial proceedings, he may request a recess to do so.

4. **The Court conducted a general review of the parties' exhibit lists**.

a. The Government submitted a list of 173 exhibits, but intends to update the number to 176. Grisanti did not have an objection at this time but may object at trial.

b. Grisanti submitted a list of three exhibits related to Tami Loehrs. ([Filing No. 28](#).) Tami Loehrs has been replaced by Jason Hale. Grisanti will submit a second amended exhibit list which lists any exhibits related to Jason Hale, by **Friday, March 30, 2018**.

c. The parties shall submit **three (3) copies** of all documentary exhibits in an exhibit binder by **Friday, April 13, 2018, at 12:00 p.m.** to the Deputy Clerk at the New Albany Courthouse.

5. **Pending motions were discussed.** The Court stated on the record that Grisanti's Motion to Exclude the Government's use of non-child pornographic evidence under F.R.E. 414 and 404 (b) is **denied.** The Entry will be forthcoming.

6. **The Court discussed *voir dire*, the jury, and opening statements**:

    a. Jury selection will commence on **Monday, April 16, 2018 at 9:00 a.m.** Counsel may obtain a copy of the responses to juror questionnaires in person from the Deputy Clerk in Indianapolis or New Albany by **12:00 p.m. on Friday, April 13, 2018**.

    b. The parties have requested a large panel of prospective venire persons. Because of space constraints and the Court's belief that a larger panel is unnecessary, a panel of approximately eighty (80) prospective jurors will be called. A jury of twelve (12) jurors plus two (2) alternate jurors will be empaneled. *Voir dire* questions that the parties wish the Court to direct to the venire have been filed. The Court will incorporate the appropriate questions and examine the panel with its own *voir dire* questions, after which counsel for the Government and the Defendant will have up to fifteen (15) minutes per side for any follow-up questions to the panel. Challenges for cause will be made at the bench. After challenges for cause are resolved, the Government will have six (6) peremptory challenges and the Defendant will have ten (10) peremptory challenges. Peremptory challenges shall be exercised simultaneously and in writing. There will be no back-striking. If needed, each side may have one (1) additional peremptory challenge for the alternate jurors.

    c. Each side will have twenty (20) minutes for opening statements. The parties should anticipate proceeding each day until the witness who is on the stand at 4:30 p.m. has completed his or her testimony.

d. Counsel shall advise one another by **Friday, April 13, 2018,** of any demonstrative exhibits they intend to use during opening statements so that any objections may be raised and resolved before the trial begins.

e. The Court informed the parties that, during the trial, it will allow jurors to submit written questions for witnesses to the Court, following the procedures endorsed by the Seventh Circuit Bar Association.

7. **The Court discussed jury instructions and verdict forms**:

a. The Government filed proposed preliminary jury instructions ([Filing No. 79](#)). Grisanti filed proposed final jury instructions ([Filing No. 67](#)). The Government objected to Grisanti's proposed final jury instructions. The objections will be resolved following the close of evidence at trial. Final Instructions will be settled following the close of evidence at trial. The Government and Grisanti jointly filed proposed verdict forms. ([Filing No. 82](#)).

b. The Court will use its own preliminary jury instructions which will be provided to counsel by **Wednesday, April 11, 2018.** Counsel will have until **12:00 p.m. on Friday, April 13, 2018** to file any objections to the Court's proposed instructions.

8. **The Court discussed stipulations**. Thus far, the parties have reached no stipulations. The Government may have business records stipulations forthcoming and will request stipulations regarding the testimony of some of the employee witnesses from Our Place Alcohol and Rehabilitative Services. Grisanti offered to stipulate to the child pornographic images, which the Government did not agree to.

9. **The Court inquired regarding acceptance and/or rejection of an offer.** The Government advised that a plea offer had been made. Defendant and his counsel confirmed that a plea offer had been relayed and the offer rejected.

10. **Separation of witness was discussed**. Grisanti orally moved the Court for separation of witnesses. The Court **granted** the motion. Counsel shall instruct their witnesses to report to Room #201 as an available witness room. Counsel are to instruct their witnesses to not discuss their testimony either before or after it is given. Further, counsel are instructed that it will be their responsibility to admonish and instruct their witnesses regarding this ruling.

11. **Use of the Video Equipment Presentation System (VEPS) was discussed**. The Court prefers that counsel use the VEPS equipment to display exhibits during trial. Counsel may contact the Deputy Clerk at the New Albany courthouse if training on the use of the VEPS equipment is needed.

12. Counsel were instructed to review Judge Pratt's "Courtroom Procedures and Trial Practice" before the start of the trial.

**SO ORDERED.**

Date: 3/28/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Armand I. Judah
LYNCH, COX, GILMAN & GOODMAN, P.S.C.
ajudah@lynchcox.com

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE
steve.debrota@usdoj.gov