**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cr-00018-TWP-VTW |
| | ) | |
| ADRIAN GRISANTI (01), | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON GOVERNMENT'S NOTICE OF INTENT TO USE EVIDENCE UNDER F.R.E. 414 AND 404 AND DEFENDANT'S MOTION TO EXCLUDE**

This matter is before the Court on the Government's Notice of Intent to Use Evidence under F.R.E. 414 and 404, (Filing No. 77), and Defendant Adrian Grisanti's ("Grisanti") Motion to Exclude Government's Use of Evidence under F.R.E. 414 and 404 (Filing No. 83). For the reasons explained below, Grisanti's Motion is **denied**. The Court will discuss evidence admissible under Federal Rule of Evidence 414, then turn to evidence admissible under Federal Rule of Evidence 404.

## I. BACKGROUND

The Government alleges that on January 28, 2015, Grisanti created the user account "THISISMEE222" on "Playpen", a hidden website that exclusively contained all manner of content related to child pornography, child exploitation, and illegal sexual conduct with minors. In March 2015, the Federal Bureau of Investigations ("FBI") served an administrative subpoena on AT&T for the registered user identified as "THISISMEE222". As a result, the FBI obtained data from logs on "Playpen," court-authorized monitoring by law enforcement, and the court-authorized deployment of a network investigative tool ("NIT"), which revealed that Playpen user "THISISMEE222" repeatedly accessed child pornography on Playpen between January 28, 2015

and February 24, 2015. (Filing No. 35 at 9.) The NIT identified the internet protocol address of a business, Our Place Drug and Alcohol Education Services ("Our Place"), located 400 East Spring Street, New Albany, Indiana, and a Media Access Control ("MAC") address identified a specific work computer. The work computer was identified as belonging to Grisanti.

On August 18, 2015, the FBI obtained a search warrant from the United States District Court for the Southern District of Indiana for Grisanti's work computer. (Filing No. 35 at 10.) Agents executed the warrant and searched Grisanti's workplace and located the computer that had been used to access Playpen. The computer's unique MAC address, a feature of internal hardware, matched the one observed on Playpen. *Id.* The FBI left the computer after conducting limited forensic analysis and came back the next day with a second search warrant; however, upon returning the FBI found the computer in question was no longer at Grisanti's work station.

On August 19, 2015, the FBI obtained additional search warrants from this District and the Western District of Kentucky to search Grisanti's person, residence, and vehicle. (Filing No. 35-3; Filing No. 35-4; Filing No. 35-5.) Law enforcement agents discovered Grisanti's work computer in the trunk of his car with the hard drive missing. *Id.* The FBI also found a smashed thumb drive in the dumpster of the business. *Id*. Agents interviewed Grisanti during the search of his car and he denied knowing that child pornography was on his work computer. Specifically, he said that he did not download or view any child pornography, had no idea how child pornography was found on his computer, saying, "it must be a mistake."

Subsequent forensic analysis of Grisanti's devices was performed. In the internet browsing history, registry, and recently viewed files of both the work computer and the home computer, the FBI located multiple common child pornography files derived from Playpen. (Filing No. 35 at 10.) Thereafter, Grisanti was indicted for receiving child pornography from Playpen in violation of 18

U.S.C. § 2252A(a)(2), possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and destruction of evidence in violation of 18 U.S.C. § 1519. (Filing No. 1.)[1]

At trial, the Government seeks to introduce non-child pornography evidence found on Grisanti's work computer, personal MacBook, and images in Grisanti's email account. The Government believes that Grisanti transferred files from his work computer to his email account and to an external hard drive. (Filing No. 77 at 3.) Additionally, several child pornography and non-child pornography files recovered from Grisanti's MacBook were identified as files derived from Playpen. *Id.*

**A. Non-Child Pornography evidence on work computer**

The Government recovered Grisanti's browsing history from various websites. On Grisanti's work computer the website Omegle was visited. *Id.* Omegle is a publically available social media site where strangers can meet and interact via webcams. The Government alleges that Omegle is frequently used by sexual predators to exploit minors. In fact, Omegle's home page displays a warning: "Predators have been known to use Omegle, so please be careful." The FBI located multiple screenshots on Grisanti's work computer from Omegle of clothed minor females that appear to be between the ages of 10-15 on webcams. The Government concedes that the images are legal, but points out that the majority of Grisanti's child pornography offenses depict females of the same age range.

It was also discovered that Grisanti accessed the website, www.girlswithmuscle.com, which contains a collection of photographs of females that appear to be teenagers with many in bathing suits or cheerleading uniforms. There were approximately 120 thumbnail images in the

[1]On March 6, 2018 a superseding indictment was filed charging Grisanti with Counts 1-11: Receipt of Child Pornography; Counts 12-19: Knowing Access with Intent to View Child Pornography; Count 20: Knowing Possession of Material Containing Child Pornography; and Count 21: Destruction of Evidence. (Filing No. 58.)

thumbs.db file of his work computer that appear to be from this website. Again, the Government concedes the photographs are legal, but argues the frequency of thumbnail images indicate that Grisanti has an interest in teenagers. *Id.* at 3-4. Grisanti's browser history also contained images from "The Fappening", which was a series of nude celebrity photographs that were hacked and distributed on the internet. The download history included images of Olympic gymnast M.M., including one of her in the shower when she was 17 years old. *Id.* at. 4.

**B. Non-child Pornography evidence on MacBook**

Forensic analysis of a MacBook computer taken from Grisanti's home recovered an image that contained the website information of www.enterdarknet.com accompanied by the slogan "Young, Fresh, and Forbidden." *Id.* The website references the onion router ("TOR") as being available if needed, which is the same network users of Playpen used to access child pornographic content[2]. The Government's review of the website displayed "an animated female child on the cover page and the site offered a service to members, for a fee, that allows them to obtain 'ultimate privacy' while downloading content form the internet." *Id.*

**C. Non-child Pornography evidence in Grisanti's email account**

On or about December 10, 2015, Microsoft provided the contents of Grisanti's email, pursuant to a search warrant. (Filing No. 77 at 5.) The email account did not reveal evidence of child pornography, however, there was evidence that Grisanti was capturing images of teenagers via an iPhone and sending the images to his email account. *Id*. Additionally, the same images were located on his work computer. The images were similar to the content that could be found

[2] Within the Tor network, websites, such as "Playpen," can be set up as "hidden services." "Hidden services," like other websites, are hosted on computer servers that communicate through IP addresses and operate the same as regular public websites with one critical exception. The IP address for the web server is hidden and instead is replaced with a Tor-based web address, which is a series of algorithm-generated characters, such as "asdlk8fs9dflku7f" followed by the suffix ".onion." A user can only reach these "hidden services" if the user is using the Tor client and operating in the Tor network. (Filing No. 35 at 5.)

on www.girlswithmuscle.com and depicted various teenage girls in bikinis and one of a female in a spandex athletic top and shorts. *Id.* On June 10, 2010, Grisanti sent a video clip to his email account and titled it "Hat". The video contained a female, possibly a teenager, taking off her shirt and exposing her breast. *Id.* On July 24, 2013, Grisanti sent an email titled "Manning" to his personal account via an iPhone. The message read "@Carlygonewild". Public database searches revealed that this was the social media account of a female, C.M., who gained a following on social media as a competitive cheerleader. *Id.* At the time the email was sent, C.M. was 15 years old. Additionally, thumbnail images of C.M. were also located on Grisanti's computer.

## II. LEGAL STANDARD

> Federal Rules of Evidence 413 and 414 were enacted by Congress as part of the Violent Crime Control and Law Enforcement Act of 1994. Pub.L. No. 103–322, 108 Stat. 1796. These two rules create an exception to the general prohibition against "propensity evidence" found in Federal Rule of Evidence 404(b) (evidence of other crimes may not be used to "prove the character of a person in order to show action in conformity therewith," Fed.R.Evid. 404(b)). Rule 413 expressly allows evidence of past sexual assault offenses when a defendant is accused of another offense of sexual assault to the extent such evidence is relevant. Similarly, Rule 414 states that, in a criminal case in which the defendant is accused of child molestation, evidence of past offenses of child molestation is admissible to the extent these offenses are relevant.

*United States v. Hawpetoss*, 478 F.3d 820, 823–24 (7th Cir. 2007). Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Pursuant to F.R.E. 404(b), "evidence of a crime, wrong, or other act is not admissible to prove that on a particular occasion the person acted in accordance with the character." However, the evidence may be used for another purpose such as proving motive, opportunity, intent, preparation . . . identity, absence of mistake, or lack of accident." Fed R. Evid. 404(b).

## III. DISCUSSION

The Court finds that the evidence proffered by the Government is relevant. Some of the proffered evidence is admissible under F.R.E. 414, and some is admissible under F.R.E. 404 (b).

### A. F.R.E. 414

F.R.E. 414 allows the introduction of evidence of past instances of child molestation. F.R.E. 414 is "defined broadly to include the types of sexual exploitation proscribed by section 2251(a), see Rule 414(d)(2)—authorizes the admission of evidence that the defendant has committed other acts of child molestation 'for its bearing on any matter to which it is relevant,' including a defendant's propensity to commit the charged offense." *United States v. Russell*, 662 F.3d 831, 846 (7th Cir. 2011). Child pornography and child sexual exploitation offenses fall within the defined offenses admissible for any purpose, under Rule 414, as both of these crimes are part of Chapter 110's definition of "offense of child molestation." *See* Fed. R. Evid. 414(d) ("any conduct prohibited by 18 U.S.C. chapter 110"). Thus, in order to be admissible pursuant to Rule 414, a defendant must be accused of child molestation, *and* the evidence offered must be evidence that defendant committed a prior or different offense of child molestation.

Grisanti is correct in that the rule does not allow an exception to the general prohibition of propensity evidence for acts which are *not* child molestation. Under F.R.E. 414 "child" is defined as a person below the age of 14. While the image of M.M. in the shower was pornographic content, it is not admissible under F.R.E. 414 because, as conceded by the Government, when the image was taken the victim was over the age of 14. The video clip entitled "Hat" which depicted a female teenager taking off her shirt exposing her breast is child pornographic content admissible under Rule 414. Website information from www.enterdarknet.com is admissible, given the context of this case, as it appears to be similar to the Playpen site.

Grisanti argues that his logging into the website www.enterdarknet.com proves no crime, and that he was only interested in online privacy. The Court is not persuaded. The slogan of the website "Young, Fresh, and Forbidden" along with the picture of an animated female child offering its members "ultimate privacy" makes it clear that the website proposed to offer anonymity for its users to view child pornography. The inclusion of the words "Young" and "Forbidden" in the website's slogan should indicate to users that it is potentially an illegal site. Thus, this evidence is relevant and admissible under Rule 414.

**B. <u>F.R.E. 404(b)</u>**

The remaining non-child pornographic evidence is subject to F.R.E. 404(b) analysis because it is not direct evidence of a child molestation offense admissible under F.R.E. 414, rather it is evidence more appropriately admitted for non-propensity purposes. "The relevance of a defendant's motive and intent will turn on the facts of the case. But at least in some circumstances, evidence of motive and intent will help to place an image in context. . .". *Russell*, 662 F.3d at 844.

The Government concedes that some of the websites found in Grisanti's download history are legal websites. (Filing No. 77 at 3, 5.) Grisanti contends that F.R.E. 404 does not apply because the internet sites that the Government is attempting to introduce have purposes other than promoting child pornography. For example, Grisanti argues that if he used the websites at all, he used them to obtain privacy, not to view child pornography and his visiting the websites proves only that he was interested in online privacy. (Filing No. 83 at 5.) He further argues the proffered evidence will mislead and confuse the jury into thinking the files accessed in his browsing history are related to child pornography, when they are not. *Id.*

As noted previously, for purposes of F.R.E. 404 admissibility, the evidence at issue is: 1) screenshots of clothed minors from Omegle, a webcam social media site; 2) approximately 120

thumbnails of female teenagers in cheerleading uniforms or bikinis from the website www.girlswithmuscle.com; 3) the Fappening photograph of Olympic gymnast, M.M., in the shower when she was 17; 4) photographs from his email account; and 5) photographs from C.M.'s social media site.

In *U.S. v. McKibbins*, the Seventh Circuit held that over 200 non-pornographic "profile" pictures of mostly "young looking" women was admissible as direct evidence on an obstruction count, and thus the court did not need to reach the Rule 404(b) argument. 656 F.3d 707, 709 (7th Cir. 2011)[3]. The images in *McKibbins* involved a photograph of an approximately 15-year-old girl in a cheerleading uniform. In the case at hand, Grisanti is charged with a similar crime, destruction of evidence, thus the evidence is admissible because it tends to prove the elements of a crime for which Grisanti is charged.

Additionally, the Government has a proposed non-propensity use to prove Grisanti's motive and intent for viewing the images, that being Grisanti has an interest in teenage girls. The child pornography photographs from Playpen and the numerous non-pornographic photographs of girls in a similar age range are offered to show that Grisanti has an interest in a particular age range. The photographs and images in question were found on both Grisanti's work computer and his home computer. Because of the similarity of the girls' ages in the pornographic and non-pornographic images, Grisanti's motive and intent in viewing the non-pornographic images is also relevant to place all of the images in context.

The Government also contends that Grisanti has put his identity, intent, and lack of mistake at issue with statements made during his interview. (Filing No. 77 at 12) ("In a recorded interview

[3] In *U.S. v. McKibbins*, the district court admitted the evidence on "three alternative bases: 1) as direct evidence on the obstruction charge; 2) as evidence that was "inextricably intertwined" with the obstruction charge; 3) or as evidence of McKibbins' intent or motive, which are acceptable alternate purposes recognized by Rule 404 (b). *Id.* at 710."

on August 19th, 2015, Grisanti repeatedly claimed he didn't know how the images found on his work computer got there, and claimed it must have been a mistake."). The evidence that the Government seeks to introduce includes common images found on both his work computer and personal MacBook, thus the images would tend to show identity, intent, lack of mistake, and other non-propensity uses, as Grisanti accessed the images on several devices. Accordingly, the remaining evidence is relevant under Rule 404(b).

**C. <u>F.R.E. 403</u>**

Having found the proffered evidence relevant under Rule 404 or Rule 414, the Court must now determine whether the evidence is admissible under the Rule 403 analysis. "The Federal Rules of Evidence do not limit the government to the 'most' probative evidence; all relevant evidence is admissible and the Rules define relevance broadly as evidence 'having any tendency to make the existence of any fact ... more probable or less probable.'" *McKibbins*, 656 F.3d at 711. Under F.R.E. 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice." Fed. R. Evid. 403. Grisanti contends that the non-child pornographic evidence would unfairly prejudice him. (Filing No. 83 at 3-6.) Specifically, he argues that he visited *legal* sites, and if introduced the jury would likely believe that these images directly support his charges, which they do not. *Id.* at 3. Moreover, because they are legal sites Grisanti argues that the Government's proffer of evidence provides little, if any, probative value. *Id.* at 4.

The Court does not agree. The probative value lies not only in direct evidence on the destruction of evidence charge, but also on Grisanti's motive, intent, identity, and lack of mistake all of which have been placed at issue in this case. The evidence proffered meets the broad relevancy standard under the rules of evidence. In *McKibbins,* the Seventh Circuit held that

although it was harmless error for the district court not to perform a Rule 403 analysis, that the admitted evidence had probative value that substantially outweighed any unfair prejudice on an obstruction charge. *McKibbins* is instructive in this case, as both cases involve similar non-child pornographic evidence and similar charges—an obstruction charge in *McKibbins* and destruction of evidence in this case. In *McKibbins*, the government sought to prove that McKibbins "corruptly" altered, destroyed, mutilated, or concealed the images on his computer, CDs, and disks, and that he did so with the intent to impair the objects' "integrity or availability for use in an official proceeding." 18 U.S.C. § 1512(c). The intent element is important in both cases. In *McKibbins*, the Government offered and the court allowed, everything on the computer into evidence to demonstrate why McKibbins sought to destroy or hide electronic storage media. The court allowed the objectionable evidence and erroneously failed to weigh the evidence as required by F.R.E. 403. Finding the other evidence overwhelming, the error was found harmless.

Here, the Court carefully considers and weighs the probative value of the child pornography on the MacBook and the non-child pornographic materials and determines that it substantially outweighs any unfair prejudice. As the Government argued, the fact that Grisanti has put his identity and intent at issue with his statements during his interview, elevates the probative value of the proffered evidence. The Court will provide a limiting instruction as to the images admitted under F.R.E. 404(b) and 414, as suggested by the Seventh Circuit in *McKibbins*. "In addition, we observe that a limiting instruction would have been useful here to clarify precisely what the photographs were being used for. That kind of guidance would have steered the jury away from the propensity inference it might otherwise have used." *McKibbins*, 656 F.3d at 713.

Finally, as noted in *McKibbins*, it is often unnecessary to flood the jury with photographs; and instead prosecutors can make their point with a sample because "when juries are confronted

with an avalanche of images…we are more likely to worry that the line between fair and unfair prejudice has been crossed and that the government is just trying to prove the defendant is a "bad guy."" See *Id*. at 713.

## IV. CONCLUSION

The Court finds that the Government's proffered child pornographic evidence and non-child pornographic evidence is admissible as the probative value is substantially outweighed by any unfair prejudice and would not mislead the jury. For the reasons set forth above, Grisanti's Motion to Preclude Government's Use of Evidence under F.R.E. 414 and 404 (Filing No. 83) is **DENIED.**

**SO ORDERED.**

Date: 3/28/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Armand I. Judah
LYNCH, COX, GILMAN & GOODMAN, P.S.C.
ajudah@lynchcox.com

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE
steve.debrota@usdoj.gov