UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:16-cr-018-TWP-VTW-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ADRIAN GRISANTI | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cr-00018-TWP-VTW |
| | ) | |
| ADRIAN GRISANTI, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant Adrian Grisanti's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Dkt.165). For the reasons explained below, Mr. Grisanti's motion is **denied**.

**I. Background**

In 2018, a jury found Mr. Grisanti guilty of eleven counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (counts 1-11); eight counts of knowing access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (counts 12-19); one count of knowing possession of material containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (count 20); as well as one count of destruction of evidence, in violation of 18 U.S.C. § 1519 (count 21). (Dkts. 103, 146). The Court sentenced Mr. Grisanti to 120 months of imprisonment, to be followed by 15 years of supervised release. (Dkt. 146). According to the Bureau of Prisons ("BOP") website, Mr. Grisanti's anticipated release date (with good-conduct time included) is October 24, 2026. *See* https://www.bop.gov/inmateloc/ (last visited July 5, 2022).

Mr. Grisanti filed a *pro se* motion for compassionate release in which he argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk

of severe illness should he contract COVID-19 again due to his underlying medical conditions (hypertension, history of cardiac arrhythmia and obesity). (Dkt. 165).He further contends that pandemic-related lockdowns and limitations have rendered the time he has served thus far more difficult than anticipated. *Id*. The Court concludes that it can resolve Mr. Grisanti's motion without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Grisanti's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is unavailing, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and

compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Grisanti is fully vaccinated, dkt. 165 at 7, and he has presented no evidence that he is unable to receive or benefit from the vaccine.[1] Additionally, Mr. Grisanti "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). As a result, Mr. Grisanti cannot show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Mr. Grisanti also briefly references COVID-19 "long hauler" symptoms that he is experiencing, including exacerbation of his blood pressure issues, anosmia, muscle weakness, and pain, fever and brain fog. (Dkt. 165 at 7). But he does not allege that his symptoms are debilitating, or that he is otherwise unable to engage in self-care. The Court accordingly declines to find these long-COVID symptoms to be an extraordinary and compelling reason for release, whether alone or in conjunction with any other reason.

Finally, Mr. Grisanti's general complaints about COVID-19 related lockdowns, lack of access to classes and shortened visitation are not extraordinary and compelling reasons to release him, whether considered alone or in conjunction with other reasons. All inmates throughout the

---

[1] Mr. Grisanti states that "older obese patients like Mr. Grisanti are less likely to get the full benefit from a vaccine." (Dkt. 165 at 12). However, Mr. Grisanti cites to no source for that proposition. Moreover, even if he had cited to a peer-reviewed, scientific study to support his statement, at best it would show that the immune systems of older people with obesity do not respond as strongly to the COVID-19 vaccine as people without those conditions. It does not show that the COVID-19 vaccine will fail to protect people with obesity from severe COVID-19 symptoms, which is the key issue in deciding whether risk from COVID-19 potentially warrants compassionate release.

country were subjected to COVID-19 lockdowns and limitations. Such allegations might form the basis for relief in a civil suit filed in Mr. Grisanti's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up).

Given the determination that Mr. Grisanti has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Grisanti's motion for compassionate release, dkt. [165], is **denied.**

**IT IS SO ORDERED.**

Date: 7/13/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Adrian Grisanti
Reg. No. 15446-028
FCI Loretto
Federal Correctional Institution
P.O. Box 1000
Cresson, PA 16630

All Electronically Registered Counsel